```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES ANDREW COBB, JR.,

                    Plaintiff,

        -against-

CITY OF PEEKSKILL and ARRESTING OFFICER JOHN DOE,

                  Defendants.

20-cv-991 (NSR)

SUPPLEMENTAL ORDER
OF SERVICE

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff James Andrew Cobb, Jr., currently incarcerated at Franklin Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 and alleges that he was subjected to excessive force during an arrest. (ECF No. 2.) By order dated February 7, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, *in forma pauperis*. (ECF No. 4.)

    Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). The Court received correspondence from Defendants' counsel, Assistant Corporation Counsel for the City of Peekskill, on April 17, 2020, (ECF No. 9), regarding efforts to identify the unnamed Defendant, "Arresting Police Officer John Doe," in this action. Defendants notified the Court that they have identified Arresting Police Officer John Doe as Fabian Gonzalez, badge number 32.

    The Clerk of the Court is instructed to terminate Arresting Police Officer John Doe as a Defendant and is directed to add Fabian Gonzalez to the caption and the docket.

    To allow Plaintiff to effect service on this Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

("USM-285 form") for Fabian Gonzalez. The service address for Defendant Gonzalez is: City of Peekskill Police Department, 2 Nelson Avenue, Peekskill, New York 10566.

The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this Defendant.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff must also notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

Defendant City of Peekskill also requests an extension of time to respond to the Complaint. (ECF No. 9.) The Court grants that request and extends the deadline for Defendant City of Peekskill to respond to the Complaint until June 30, 2020. To the extent that service is effectuated upon Defendant Gonzalez and his statutory time to respond expires prior to June 30, 2020, his time to respond shall likewise be extended until June 30, 2020.

Within three (3) days of the date of this Order, Defendants' counsel, Assistant Corporation Counsel for the City of Peekskill, shall mail a copy of this Order to Plaintiff at the address listed on ECF and file proof of such service on the docket. If defense counsel is unable to complete this mailing as a result of COVID-19 and related disruptions, counsel shall promptly notify the Court by letter filed on ECF.

Dated: April 27, 2020
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge